IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROGER MILLER MUSIC, INC. and )
MARY A. MILLER, )
)
    Plaintiffs, )
v. ) NO. 3:04-1132
) JUDGE HAYNES
SONY/ATV PUBLISHING, LLC, )
)
    Defendant. )

## MEMORANDUM

Plaintiffs, Roger Miller Music, Inc. ("RMMI"), a Tennessee corporation, and Mary A. Miller, a Tennessee citizen, filed this copyright ownership and infringement action under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., against the Defendant, Sony/ATV Publishing, Inc. ("Sony"), a Delaware limited liability corporation. Plaintiffs are the heirs and assigns of Roger Miller, the late country music singer and songwriter. Defendant Sony is the successor-in-interest to Tree Publishing Co., Inc. ("Tree"), the publishing company with whom Miller entered contracts from 1958 until his death in 1992. The gravamen of Plaintiffs' complaint is that upon Miller's death, Plaintiffs became the legal owners of the renewal copyrights of Miller's musical compositions from 1958-1964 and thereafter and that Sony's continued exploitation of these compositions constituted copyright infringement in violation of 17 U.S.C. § 501 et seq. Plaintiffs sought monetary damages as well as declaratory relief and an accounting.

In earlier proceedings and upon the parties' motions, the Court concluded that Roger Miller validly assigned his interests in the renewal copyrights for the 1958-63 Songs to Sony, as Tree's successor. (Docket Entry No. 27, Memorandum at pp. 21-23). The Court further concluded that Mary Miller or RMMI are the legal owners of the renewal copyright interests for the 1964 Songs,

id. at pp. 30-32, but the totality of the circumstances surrounding Roger Miller's relationship with Sony/Tree, as well as Plaintiffs' continued receipt and acceptance of royalties from Sony for twelve years after Miller's death for Sony's exploitation of these Songs demonstrated that Sony remained an implied non-exclusive licensee of Plaintiffs' renewal copyright interests for the time period at issue. Id. at pp. 27-33.

Sony then filed a motion to alter or amend (Docket Entry No. 29), citing a letter from Mary Miller revoking its license for the 1964 and post-1964 Songs. (See Docket Entry No. 30, Declaration of Jay Bowen, Attachment thereto, Exhibit A). Sony contended that the Court's prior ruling should be modified to reflect that Sony is the exclusive and perpetual licensee of the Plaintiffs' copyright for the 1964 and post-1964 Songs and also is the legal owner of the renewal copyrights for all of those Songs. See Docket Entry Nos. 29 and 31. Plaintiffs responded that Sony's position contradicted its earlier position in its motion papers and its counsel's statements to the Court conceding that Plaintiffs are the owners of the copyright for the 1964 and post-1964 Songs. Plaintiffs also contend that the 1991 agreement upon which Sony relies is unenforceable.

In its first ruling, the Court did not rely on Sony's counsel's prior admissions in its motion papers. Yet, in ruling on the motion to alter or amend, the Court cited Sony's counsel's oral statements that Mary Miller is the owner of the copyright for the 1964 and post-1964 Songs. (Docket Entry No. 38, Memorandum at p. 3). The Court concluded as a matter of law that those admissions precluded Sony from any contention that a 1992 amendment to the Copyright Act operated to convey copyright ownership of the 1964 and post-1964 Songs to Sony. Id. (citing Rowe v. Marietta Corp., 172 F.3d 49, 1999 WL 16571 *4 n. 2 (6th Cir. Jan. 6, 1999) and Curb v. MCA Records, 898 F.Supp. 586, 590-91 (M.D. Tenn. 1995)).

2

On Sony's appeal, the Sixth Circuit affirmed that Plaintiffs' claims were timely and that Sony owns the renewal copyrights in Miller's 1958-63 songs. (Docket Entry No. 47). The Sixth Circuit, however, reversed and vacated the portion of the Court's ruling that relied upon Sony's counsel's admissions of Plaintiffs' ownership of the 1964 songs. The Sixth Circuit remanded this action for a determination of whether Sony owns the renewal copyrights in Miller's 1964 and post 1964 songs. Miller Music, Inc. v. Sony/ATVPubik, LLC, 477 F.3d 383, 394-95 (6th Cir. 2007).

On remand, the Court concluded that with the author's death, Section 304(a)(1)(C) vests the copyright with the author's kin. 17 U.S.C. § 304(a)(1)(C). Section 304(a)(2)(B)(I) refers only to "any person who is entitled under paragraph 1(C)." This latter section is expressly limited to the author's relatives. 17 U.S.C. § 304(a)(2)(B)(I). Sony in effect seeks to amend Section 304(a)(1)(C) to include an author's assignees or to elide the reference to Section 304(a)(1)(C) in Section 304(a)(2)(B)(I). Congress could have done so, but did not. To adopt this contention, the Court would effectively be nullifying the 1990 amendments that created a hierarchy of succession for members of the deceased author's family. The Court declined this invitation to amend this statute to create a group of unintended beneficiaries.

The Court again concluded that Mary Miller is the legal owner of the 1964 and post 1964 songs of Roger Miller, her husband. (Docket Entry No. 73 at p. 12). To be sure, the Court incorporated "its earlier conclusion that Sony remains an implied non-exclusive licensee of Plaintiffs' renewal copyright interests for the time period at issue. (Docket Entry No. 27, Memorandum at pp. 27-33)." The Court directed an accounting for Sony's infringement of Mary Miller's ownership of the renewal of the copyrights of Roger Miller's 1964 and post 1964 songs as the appropriate remedy. The parties were unable to agree upon the appropriate amount of damages

3

and the Court appointed a special master for this purpose and the Special Master filed his report. (Docket Entry No. 92).

Before the Court is Sony's objection to the Special Master's report, contending, in sum: (1) that this Court has ruled that Sony/ATV holds an implied license to exploit songs written by Roger Miller in 1964 (the "1964 Songs") precluding Sony/ATV's liability for any claims of infringement pertaining to such songs; and (2) the Special Master calculated damages against Sony for its exploitations of the 1964 Songs subject to this implied license. In addition, Sony notes that the Sixth Circuit agreed that "a license is a defense to a claim of copyright infringement," and remanded solely on the narrow issue of whether Sony actually owns and is not merely a licensee of the renewal copyrights in the 1964 Songs. Thus, this Court cannot revisit any issue pertaining to Sony/ATV's license. Finally, Sony asserts that the Special Master overstates the net publisher's share of income from the 1964 Songs, and understates Sony's administration costs and improperly includes income from foreign exploitations.

As to the scope of remand, the Sixth Circuit remanded this action "for a determination as to whether Sony can raise its argument that it is the owner of the renewal copyrights in the 1964 Songs...." 477 F.3d at 391. On remand, this Court concluded that Plaintiffs are the owners of the renewal copyrights. The Court did so and rejected Sony's attempt to amended Section 304(a)(1)(C) to include an entity other than the family and next of kin as the authorized persons. To the extent the Court had earlier found Sony was an implied licensee, the Court sets aside that conclusion as an impermissible amendment to Section 340(a)(1)(C). Thus, Sony lacks any defense to Plaintiffs' infringement claims for 1964 and post-1964 songs.

Sony next argues that the 5% administration fee deducted by the Special Master from the Net

4

Publisher's Share to cover Sony's administration costs is too low. Sony currently administers a portion of the Roger Miller catalog for a 5% fee and has done so for many years. Thus, the 5% administration fee is reasonable. In addition, the Special Master found that the 5% fee was reasonable and consistent with the industry standard.

As to the Special Master's inclusion of foreign income in the net publisher's share of royalties, to be sure, the United States's copyright laws do not protect against extraterritorial infringement. Liberty Toy Co. v. Fred Silber Co., No. 97-3177, 1998 U.S. App. LEXIS 14866, at *10 (6th Cir. June 29, 1998) ("[I]t is a long-standing principle that United States copyright laws do not have extraterritorial operation."). With the exclusion of foreign infringement from the Special Master's calculations, Plaintiffs should be awarded three hundred thirty-nine thousand one hundred seventy-nine dollars eighty-three cents ($339,179.83) for the period of January 1, 2005 through June 30, 2009, and five hundred sixty-four thousand one hundred sixty-nine dollars thirty-four cents ($564,169.34) for the period of January 1, 2002 through December 31, 2004. The Court declines to award prejudgment interest, as the measure of damages here seems sufficient to deter unauthorized exploitation of creative expressions consistent with Congressional intent. Plaintiffs have not articulated sufficient reasoning to demonstrate that the infringement at issue here meets the Sixth Circuit's standard to allow an award of prejudgment interest. See Robert R. Jones Assocs., Inc. v. Nino Homes, 858 F.2d 274, 282 (6th Cir. 1988).

Given the absence of any protection for Sony's foreign exploitation of the 1964 Songs, the Court cannot provide for any award for Sony's foreign exploitation of the Plaintiff's rights to these songs.

An appropriate Order is filed herewith.

ENTERED this the __18th__ day of March, 2010.

                                                    WILLIAM J. HAYNES, JR.
                                                    United States District Judge