IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROGER MILLER MUSIC, INC., and )
MARY A. MILLER, )
 )
    Plaintiffs, ) No. 3:04-01132
 ) JUDGE HAYNES
v. )
 )
SONY/ATV PUBLISHING LLC, )
 )
    Defendant. )

## MEMORANDUM

Before the Court are Plaintiffs' motion for attorneys' fees (Docket Entry No. 106), Defendant's motion for bond (Docket Entry No. 109), and Defendant's motion to stay judgment pending resolution of appeal (Docket Entry No. 112). Defendant responded to Plaintiffs' motion for attorneys' fees (Docket Entry No. 115), but Plaintiffs did not respond to Defendant's motion for bond. Defendant has also filed a notice of withdrawal of its motion to stay judgment. (Docket Entry No. 116). Plaintiffs request attorneys' fees and costs in the amount of $193,903.27.

As an initial matter, given Defendant's notice of withdrawal of its motion to stay judgment, the Defendant's motion to stay should be denied as moot. Additionally, Defendant's motion for bond should be granted as the bond amount is sufficient to pay the judgment if Defendant is unsuccessful on appeal.

The Copyright Act authorizes attorney fees for a prevailing party in the Court's discretion.

> In any civil action under this title, the court in its discretion may allow the
> recovery of full costs by or against any party other than the United States or an

1

> officer thereof. Except as otherwise provided by this title, the court may also
> award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Prevailing parties are not automatically entitled to attorneys' fees, however. Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 626 (6th Cir. 2004) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)). For such an award, the Court is to consider whether Defendant's claims were frivolous, Defendant's motivation, the factual and legal unreasonableness of Defendant's position, and the need to advance considerations of compensation and deterrence. Fogerty, 510 U.S. at 534. These "factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Id. at n.19.

In support of their motion for an award of attorneys' fees, Plaintiffs assert that they obtained a high degree of success in this action and that Defendant's inconsistent positions regarding the 1964 copyrights was objectively unreasonable. Plaintiffs do not cite to any other Fogerty factors that support an award of attorneys' fees.

In earlier proceedings, the Court concluded that Mary Miller or RMMI are the legal owners of the renewal copyright interests for the 1964 songs, but the totality of the circumstances surrounding Roger Miller's relationship with Sony/Tree, as well as Plaintiffs' continued receipt and acceptance of royalties from Defendant for twelve years after Miller's death for Defendant's exploitation of these songs demonstrated that Defendant remained an implied non-exclusive licensee of Plaintiffs' renewal copyright interests for the time period at issue. (Docket Entry No. 27, Memorandum at pp. 27-33).

Defendant then filed a motion to alter or amend (Docket Entry No. 29), citing a letter from Mary Miller revoking its license for the 1964 and post-1964 songs. (See Docket Entry No. 30, Declaration of Jay Bowen, Attachment thereto, Exhibit A). Defendant contended that the

Court's prior ruling should be modified to reflect that Defendant is the exclusive and perpetual licensee of the Plaintiffs' copyright for the 1964 and post-1964 songs and also is the legal owner of the renewal copyrights for all of those songs. (Docket Entry Nos. 29 and 31). Plaintiffs responded that Defendant's position contradicted its earlier position in its motion papers and its counsel's statements to the Court conceding that Plaintiffs are the owners of the copyright for the 1964 and post-1964 songs. Plaintiffs also contended that the 1991 agreement upon which Defendant relied was unenforceable.

In its first ruling, the Court did not rely on Defendant's counsel's prior admissions in its motion papers. Yet, in ruling on the motion to alter or amend, the Court cited Defendant's counsel's oral statements that Mary Miller is the owner of the copyright for the 1964 and post-1964 songs. (Docket Entry No. 38, Memorandum at p. 3). The Court concluded as a matter of law that those admissions precluded Defendant from any contention that a 1992 amendment to the Copyright Act operated to convey copyright ownership of the 1964 and post-1964 songs to Defendant. Id. (citing Rowe v. Marietta Corp., 172 F.3d 49, 1999 WL 16571 *4 n. 2 (6th Cir. Jan. 6, 1999) and Curb v. MCA Records, 898 F. Supp. 586, 590-91 (M.D. Tenn. 1995)).

On Defendant's appeal, the Sixth Circuit affirmed that Plaintiffs' claims were timely and that Defendant owns the renewal copyrights in Miller's 1958-63 songs. (Docket Entry No. 47). The Sixth Circuit, however, reversed and vacated the portion of the Court's ruling that relied upon Defendant's counsel's admissions of Plaintiffs' ownership of the 1964 songs. The Sixth Circuit remanded this action for a determination of whether Defendant owns the renewal copyrights in Miller's 1964 and post 1964 songs. Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 394-95 (6th Cir. 2007).

3

On remand, the Court concluded that with the author's death, Section 304(a)(1)(C) vests the copyright with the author's kin. 17 U.S.C. § 304(a)(1)(C). Section 304(a)(2)(B)(I) refers only to "any person who is entitled under paragraph 1(C)." This latter section is expressly limited to the author's relatives. 17 U.S.C. § 304(a)(2)(B)(I). Defendant in effect sought to amend Section 304(a)(1)(C) to include an author's assignees or to elide the reference to Section 304(a)(1)(C) in Section 304(a)(2)(B)(I). Congress could have done so, but did not. To adopt this contention, the Court would have effectively nullified the 1990 amendments that created a hierarchy of succession for members of the deceased author's family. The Court declined this invitation to amend this statute to create a group of unintended beneficiaries.

The Court again concluded that Mary Miller is the legal owner of the 1964 and post 1964 songs of Roger Miller, her husband. (Docket Entry No. 73 at p. 12). To be sure, the Court incorporated "its earlier conclusion that Defendant remains an implied non-exclusive licensee of Plaintiffs' renewal copyright interests for the time period at issue. (Docket Entry No. 27, Memorandum at pp. 27-33)." The Court directed an accounting for Defendant's infringement of Mary Miller's ownership of the renewal of the copyrights of Roger Miller's 1964 and post 1964 songs as the appropriate remedy.

A claim that is objectively unreasonable lacks a justifiable basis. Hemby v. Winans, No. 3:06-00979, 2010 WL 793681 (M.D. Tenn. Mar. 5, 2010). While the Court ultimately found that Defendant's claim lacked merit, the Court finds that it was not objectively unreasonable at the time Defendant was pursuing its claim. Plaintiffs' contention that Defendant's inconsistent position regarding ownership of the 1964 songs was objectively unreasonable weighs only slightly in favor of Plaintiffs. Although Defendant's position was inconsistent, the Sixth Circuit determined that Defendant was not bound by that statement. Roger Miller Music, 477 F.3d at

4

394-95. The case law available at the time of the Defendant's contentions was certainly suggestive of the Court's ultimate result, but not so overwhelming or direct so as to render Defendant's positions unreasonable. See Specific Software Solutions, LLC v. Institute of WorkComp Advisors, LLC, 615 F. Supp. 2d 708, 716 n. 7 (M.D. Tenn. 2009) (claim not objectively unreasonable where there was no controlling Sixth Circuit precedent and only "scant case law" on the issue in dispute).

Further, although Plaintiffs assert a "high degree of success," Defendants prevailed on those claims concerning ownership of the songs written between 1958 and 1963. Plaintiffs themselves also prolonged the litigation through their unsuccessful appeal of the Court's November 9, 2005 Order regarding ownership of those songs. Plaintiffs have not submitted records or affidavits indicating the amount of time spent on successful or unsuccessful claims. Plaintiffs cite to no other justification for an award of attorneys' fees in this action, and from the Court's review of the record Defendant's claims were not frivolous. Plaintiffs offer no evidence that Defendant's motivation was improper or that an award of attorneys' fees is needed to advance considerations of compensation and deterrence. Accordingly, Plaintiffs' motion for attorney fees should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 19th day of October, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge